NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ANTHONY BEJARANO,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7034

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 13-2463, Judge Alan G. Lance Sr.

---

Decided: June 11, 2015

---

ANTHONY BEJARANO, San Jose, CA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; MARTIN JAMES SENDEK, DAVID J. BARRANS, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

───────────────

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

PER CURIAM.

Anthony R. Bejarano appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision by the Board of Veterans' Appeals ("Board"). The Board concluded that Mr. Bejarano had not submitted new and material evidence to reopen his claim for benefits for service-connected post-traumatic stress disorder. We dismiss for lack of jurisdiction.

BACKGROUND

Mr. Bejarano is a Vietnam-era veteran who served in the Army beginning on March 4, 1968. During his service, he had four periods of absences without leave ("AWOL"), totaling 944 days. Faced with a court martial for a continuous AWOL of 29 months, Mr. Bejarano requested discharge for the good of the service, allegedly stating that he "hate[d] the Army" and would do almost "anything . . . to get out." On July 26, 1973, the request was approved, and he was discharged "under other than honorable conditions."

If a veteran receives a discharge under other than honorable conditions, issued for an AWOL for a continuous period of at least 180 days (the situation here), the discharge bars a claim for veterans' benefits unless there are "compelling circumstances" to warrant the prolonged absence. 38 C.F.R. § 3.12(c)(6). A "discharge [under other-than-honorable conditions] is a bar to the payment of benefits unless it is found that the person was insane at

the time of committing the offense causing such discharge
. . . ." 38 C.F.R. § 3.12(b); *see also* 38 C.F.R. § 3.354(a).

In 1976, the veteran submitted a claim for disability
benefits for a cyst condition with the Department of
Veterans Affairs ("VA") Regional Office ("RO"), which was
denied as barred by Mr. Bejarano's other-than-honorable
discharge. Mr. Bejarano thereafter unsuccessfully sought
a discharge upgrade from the Army Discharge Review
Board. In November 1984, the VA denied Mr. Bejarano
JOBS program benefits because of his other-than-
honorable discharge. Mr. Bejarano did not appeal this
decision, and it became final.

In 2001, Mr. Bejarano filed a claim seeking benefits
for various injuries, and the VA denied it, apparently
relying on its November 1984 decision, which determined
the status of his discharge and his eligibility for benefits.
The VA informed Mr. Bejarano that he needed to submit
new and material evidence to reopen his November 1984
claim. Ultimately, while the Board acknowledged Mr.
Bejarano did submit new evidence, it refused to reopen
the claim on the ground that the November 1984 decision
was final, that the veteran's discharge thus barred the
claim, and that the new evidence submitted did not
qualify as material evidence of insanity at the time of
committing the offense.

On appeal at the Veterans Court, Mr. Bejarano al-
leged errors in the Board's conclusion that new and mate-
rial evidence had not been submitted on the issue of
insanity. The Veterans Court affirmed.[1]

---

[1]  Mr. Bejarano also contended that the Board and
the VA's hearing officers did not satisfy their duties to
notify and explain the applicable regulations. The Veter-
ans Court rejected his contentions, finding that he was

DISCUSSION

Under 38 U.S.C. § 7292, we have jurisdiction to review decisions of the Veterans Court on issues of law but not on issues of fact or application of law to fact. *See Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012) (citing *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc)).

Under 38 C.F.R. § 3.156(a), a veteran may reopen a final claim by submitting new and material evidence. Material evidence is evidence that "relates to an unestablished fact necessary to substantiate the claim." 38 C.F.R. § 3.156(a). New and material evidence can be "neither cumulative nor redundant of the evidence of record . . . and must raise a reasonable possibility of substantiating the claim." *Id.*

The new evidence submitted by Mr. Bejarano included character references, statements explaining the challenges he encountered during service, evidence that he suffered from post-traumatic stress disorder ("PTSD"), expert statements that Mr. Bejarano did not personally write the statement that he "hate[d] the Army," lay testimony about Mr. Bejarano's age, family hardship, mental issues, and drug use, as well as testimony that he got married, worked, and went on with his life after his discharge. It was apparently unclear whether the evidence of PTSD or mental issues related to the time of Mr. Bejarano's AWOL or only to some later time thereafter. The Board concluded that the "evidence merely confirms and elaborates upon the essential facts of record at the time of the No-

---

either sufficiently notified by the Board and the VA's hearing officers or had actual knowledge of the basis for his prior denials. Mr. Bejarano does not argue these issues on appeal to this court.

vember 1984 decision," Appellee's App. 17, and did not show that he was insane at the time of the AWOL. On appeal, the Veterans Court did not directly address this issue, finding that it was not properly raised by the veteran at the Veterans Court because he submitted only a "conclusory, unsupported statement in his opening brief." *Id.* at 2. Whether this contention was properly raised presents a fact issue not within our jurisdiction.

The veteran thus raises no legal issues within our jurisdiction.

**DISMISSED**

COSTS

No costs.